{¶ 59} I fully concur in the majority's analysis and disposition of appellant's first assignment of error.
 {¶ 60} I respectfully dissent from the majority's disposition of appellant's second assignment of error. Although the trial court found consecutive sentences were not disproportionate to the seriousness of the offenses [offender's conduct]; it did not make the concomitant finding consecutive sentences were not disproportionate to the danger the offender poses to the public.[1] Therefore, unlike the majority, I find the trial court failed to meet the requirements of the statute. See Statev. Edmonds (Sept. 14, 2005), Licking App. No. 2005CA00018, unreported, wherein this court found the same deficiency required re-sentencing.
 {¶ 61} I also dissent from the majority's analysis and disposition of appellant's third assignment of error. I find Blakely and Booker apply to the findings required for imposition of both a prison term on a fourth or fifth degree felony and the imposition of a non-minimum prison term on a fourth or fifth degree felony. My reasons for doing so are set fourth in my dissenting opinion in State v. Hughett (Nov. 18, 2004), Delaware App. No. 2004-CA-0651, unreported.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
[1] Although I fail to grasp the conceptual difference between finding "consecutive service is necessary to protect the public from future crime" and finding "consecutive sentence are not disproportionate . . . to the danger the offender poses to the public", R.C. 2929.14(E)(4) specifically requires both findings be made.